## APPEAL OF MARY W. COGGINS.

### [ESTATE OF THOMAS WILLIAMSON.]

FROM THE DECREE OF THE ORPHANS' COURT OF PHILADEL-
PHIA COUNTY.

Argued January 25, 1888.
Re-argued January 11, 1889—Decided January 28, 1889.

*(a)* A testator devised and bequeathed the residue of his estate in trust for the benefit of his wife and four children, equally, for the life of his wife ; the trustee, after the death of the wife to continue the management of the trust estate, and so to distribute the income thereof that each of the four children should receive during his or her natural life an equal one fourth part thereof ;

*(b)* " And, upon the decease of either one of my said children, and successively of each of them, then as respects one equal fourth part of the principal . . . . . to and for the only proper use of his or her child, or all of his or her children, if more than one, who shall have attained, or shall attain, the age of twenty-five years, and the issue of any such who shall have died, or shall die, under that age, leaving issue, in equal shares," per stirpes.

*(c)* By a codicil to the will, the testator directed that when, according to the limitations of his will, " any one, and successively as each, of my grandchildren shall become entitled to receive his or her equal portion of my estate, the same shall be determined and limited by the quotient of the whole reserved principal divided by the whole number of my grandchildren then living and the issue of such of them as shall have previously died leaving issue," to be counted as one person.

1. When a particular estate or interest for life is carved out, with a lim-

Statement of Facts.

itation over to the children of the person taking that interest, the limitation over will embrace not only the objects living at the death of the testator, but all who shall subsequently come into existence before the period of distribution.

2. All future estates limited upon an estate for life, which are not sure to take effect within twenty-one years with the usual period of gestation added, after the determination of the life estate, are void as within the rule against perpetuities.

3. The validity of the rule that the future interest must vest within a life or lives in being and twenty-one years thereafter, must be tested by the possible, not by the actual events; and, if the limitation is to a class, and it is void as to any one of the class, it is void as to all.

4. The provision in regard to the age at which the grandchildren, in the present case, should take, referred not to the time of payment or distribution merely, but was descriptive of individuals selected out of a class to be the donees of the right,—a description of persons, not a regulation of the interest given.

5. Where the attainment of a certain age forms part of the original description of the devisee, the vesting is suspended until the attainment of that age, even though the limitation over is only to take effect in case of the devisee's death under that age without issue.

6. The provisions of the codicil that the grandchildren should take per capita, etc., did not make the gifts to them severable; the fact remained that whether any one of the grandchildren could take depended upon the contingency of his or her arrival at the age of twenty-one years.

7. As in this case, measuring the will by its possibilities, a grandchild might be born within one year before the death of a life-tenant, in which case the limitation could not vest within twenty-one years and the fraction thereafter, the gift to the grandchildren was void and the estate distributable to the life-tenants.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 98 January Term 1888, Sup. Ct.; court below, No. 287 July Term 1878, O. C.

On June 3, 1886, was filed the final account of Passmore Williamson, executor and trustee under the will of Thomas Williamson, deceased. This account was called for audit on July 8, 1886, when the following facts appeared:

Thomas Williamson died testate on August 26, 1871, leaving a widow and four children, Passmore Williamson, Mrs. Mary W. Coggins, Mrs. Anna W. Stackhouse and Mrs. Phœbe W. Eldridge; and eleven grandchildren, four of whom were children of Passmore Williamson, four of Mrs. Stackhouse, one

of Mrs. Eldridge, and two of Mrs. Coggins. Annie P. Coggins, one of the children of Mrs. Coggins, was born June 28, 1857, and died without issue on May 8, 1881. Paschal Coggins, the husband of Mrs. Coggins, died November 17, 1883.

At the date of this proceeding the testator's widow was dead, and there were then the ten grandchildren living, the most of whom were over twenty-five years of age. None had reached that age at the testator's death. No grandchildren had been born after testator's death.

The will of Thomas Williamson, dated September 12, 1869, after giving certain legacies, devised and bequeathed the residuary estate to his son Passmore Williamson, his heirs, executors and administrators, but nevertheless in trust to manage the whole thereof carefully so as to preserve and keep the same productive of income; to collect and receive the income thereof and after deducting taxes, cost of repairs, and necessary expenses including a commission, the clear net income to pay over in half-yearly payments: One equal fifth part thereof to his wife, one other equal fifth part to each of his three daughters naming them, and the other equal fifth part to keep and retain to his own use:

"And in all cases, payments of income to each of my said daughters shall be deemed to be for her sole and separate use, free from the control and without liability for the debts, contracts, or engagements of her present or any future husband; and upon and after the decease of my wife, to continue the management, as aforesaid, for the benefit of my said four children, and so distribute and pay the whole net income of my residuary estate as that each of them shall receive an equal fourth part thereof, in half-yearly payments, from time to time during his and her respective natural life; and, upon the decease of either one of my said children, and successively of each of them, then as respects one equal fourth part of the corpus or principal of my residuary estate, to and for the only proper use of his or her child, or all of his or her children, if more than one, who shall have attained, or shall attain, the age of twenty-five years, and the issue of any such who shall have died, or shall die, under that age leaving issue, in equal shares; so, however, that the issue of any such deceased child, if more than one person, shall take equally among them such share only as their parent would

Statement of Facts.

have taken, if living ; but, if either of my said children shall die without leaving a child, or issue of a child, him or her surviving, then as respects the share of any residuary estate above-limited to the use of his or her child or children, I will and direct shall be held for the equal use and benefit of my other children, and their respective issue, upon and subject to the trusts and limitations hereinbefore expressed and contained."

By a codicil to said will, dated September 30, 1870, it was provided :

" That the principal proceeds of all the residue of my estate, real and personal, other than and exclusive of my children's indebtedness to me, or that of either of them for advancements, etc., as shall be represented and charged in my ledger accounts, shall be reserved and preserved for all my grandchildren in equal shares per capita ; and therefore I will and direct that when, according to the limitations and provisions of my said will, any one, and successively as each, of my grandchildren shall become entitled to receive his or her equal portion of my estate, the same shall be determined and limited by the quotient of the whole reserved principal, divided by the whole number of my grandchildren then living, and the issue of such of them as shall have previously died leaving issue : Provided always, that the issue of my deceased grandchild, if consisting of several persons, shall together represent the interest their deceased parent would have been entitled to if living, and shall be counted as one person only in the division aforesaid ; and also, if after any one or more of my grandchildren shall have received his, her, or their respective portion of my estate, ascertained as aforesaid, one or more of the others of them shall die without issue surviving, in such case I direct that so much and such portion of my estate as he, she, or they who shall have died without issue would have been entitled to receive if living, shall go and be payable in equal shares to all the others of my grandchildren living, and the issue of any of them then dead, at the times in and by my will specified and limited."

This codicil further provided, as to the children of Mrs. Stackhouse, that if their father should survive their mother, no part of their portions, beyond what was necessary for their comfortable support, should be paid to them during his life-time.

Adjudication.

In the account filed, there was a balance shown of $48,453, due the estate as of the principal thereof. On the credit side, was an item for loss on investments of $114,944.56. It was admitted that this latter amount had been lost by the accountant in stock speculations and investments in unauthorized securities. The credit claimed was therefore disallowed, and being added to the balance shown by the account, made the balance of the principal of the estate, $163,397.56.

On behalf of Mrs. Mary W. Coggins, it was claimed that one fourth of this balance should be awarded to her, on the ground that the limitation of the remainder to the grandchildren of the testator was void, because within the rule against perpetuities.

On November 1, 1886, the auditing judge, HANNA, P. J., filed an adjudication, which after stating the facts proceeded:

The question thus presented is whether there is a valid trust under the will of the testator. By his will, after certain specific bequests, he devised and bequeathed all the residue of his estate to accountant in trust, the duties of which, it needs no authorities to establish, clearly constituted and created an active trust; the net income to be divided into five shares, one of which to be paid to testator's wife for life, one to accountant, and the three remaining shares to testator's three married daughters for their sole and separate use. . . . . .

After a careful consideration of the entire will, the intention of testator is made clear that upon the death of either of his children leaving issue, the latter, his grandchildren, shall take equally their parent's share, provided they have then attained twenty-five years of age, or of those living under that age, when they shall attain that age. Their right to take thus depends upon a contingency. The gift is not direct to the grandchildren unconditionally, but upon the condition that they reach a prescribed age. The vesting is consequently postponed, and if this be beyond the period allowed by law, the estate in remainder thus attempted to be created is void. The remainder to be valid must surely take effect within twenty-one years after the termination of the life estate: Davenport v. Harris, 3 Gr. 164. If it exceeds this period, it is void in its creation: Davenport v. Harris, supra; Hillyard v. Miller, 10

Pa. 334; Smith's App., 88 Pa. 495. When a gift is infected with the vice of its possibly exceeding the prescribed limit, it is at once and altogether void both at law and in equity: Williams on Real Property, 262.

The gift to the grandchildren may possibly exceed the limit allowed by law, by the death of either of testator's children leaving at the date of their decease children surviving less than four years of age. It could not be ascertained whether they would inherit any portion of their parent's share until they lived to attain the age of twenty-five years. And thus the parent's share might possibly be withheld from distribution almost the whole period of twenty-five years. This result it must be conceded would be a palpable violation of the rule against perpetuities. The gift in this instance is to a class, all the grandchildren, their parents being living; and the members of this class cannot be ascertained within the limits of perpetuity. In such case, the gift is void: Leake v. Robinson, 2 Mer. 363, and other cases cited in Theobald on Wills, 436. If the remainder is void to any of the persons entitled to take, it is void in toto.

Without a further discussion of the question, the proper conclusion seems to be, that the remainder contravenes the law against perpetuities, and cannot be sustained. The testator therefore made no disposition of the residue of his estate, and it is disposed of by the intestate law. His children then are entitled in equal shares, and, as they are given by the will a life estate, and by the law an absolute estate, it follows that the two must coalesce, the less with the greater estate, the life estate with the fee, and they become entitled absolutely to one fourth part of the trust estate.

The auditing judge then made a distribution awarding one fourth of the balance of principal due the estate, after deducting the costs of audit, to each of the four children of the testator including the accountant, absolutely.

To said adjudication exceptions were filed on behalf of the Provident L. & T. Co., substituted trustee succeeding the accountant, and of certain of the grandchildren, specifying that the auditing judge erred, inter alia:

1. In holding that the will of the testator transgressed the rule against perpetuities.

2. In dividing the balance in testator's hands among testator's children.

These exceptions having been argued before the court in banc, on April 23, 1887, ASHMAN, J., filed the following opinion :

The testator gave the residue of his estate, after the death of his wife (an event which has happened), in trust to pay one fourth of the income for life to each of his children, and on the decease of any of them, in trust, as to the principal of the share of the one so dying, "to and for the only proper use of his or her child, or all of his or her children, if more than one, who shall have attained, or shall attain the age of twenty-five years, and the issue of any such who shall have died or shall die under that age leaving issue ; . . . . but if either of my said children shall die without leaving a child, or issue of a child, him or her surviving, then as respects the share of any residuary estate above limited to the use of his or her child or children, I will and direct that it shall be held for the equal use and benefit of my other children and their respective issue," etc.

The four children survive. Their respective children were all born in the testator's lifetime, and are living and above the age of twenty-five years. In the adjudication of the trustee's account the limitation to the grandchildren was held to be void, and distribution of the estate was decreed among the children.

The English doctrine is that where a gift is to individuals, and therefore severable, but violates as to some of its objects the rule against perpetuities, it shall be upheld as to the non-transgressive interests. But where the gift is a unit because to a class, its validity will depend upon the eligibility of every member of that class, prospective as well as present, and possible as well as actual, to take under the rule. The reason, as given in Leake v. Robinson, 2 Mer. 362, is the difficulty of determining what would have been the intention of the testator, if he had been advised of the existence of the rule ; whether, for instance, he would have left out after-born grandchildren rather than abridge the period of vesting at twenty-

five, or have postponed it only until twenty-one, and so have included all who should have been born before that time; and because, where the gift operates by way of executory devise, the devise itself being an infringement of common law rules, and allowable only on condition that it shall not exceed established limits, the gift is wholly void if it violates that condition at all.

Leake v. Robinson was followed in a long line of cases, many of which are cited in a note to § 374 of Gray on Perpetuities, and it is authority to this extent on both sides of the Atlantic. But the rule is not infringed where the time for vesting falls within the prescribed limits, however greatly the time for payment may transcend them; and it is to that point that the inquiry must be directed. It weighs for nothing that all of the grandchildren happened to have been born in the lifetime of the testator, that all have reached the age fixed by his will, and that there is, moreover, no reasonable likelihood of an accession to their number. Unless by the terms of the will they must all have taken within the period allotted by the rule, the accidental circumstance that they came in fact within it, will not validate a limitation which was void at the moment it was written. The question, we think, is answered in favor of vesting by several provisions in the will and in the codicil. In the latter the reference by the testator to certain of his grandchildren would seem to preclude the idea that he was thinking of them as a class. His designation of his four grandchildren, the children of his daughter Anna, was as distinctively individual as if he had named them seriatim. The gift, then, was to several persons answering to one description, and its amount to one of those persons was not affected by the existence or non-existence of the others : Boughton v. James, 1 Coll. 26; Storrs v. Benbow, 3 DeG. M. & G. 390; Wilkinson v. Duncan, 30 Beav. 111. It is more important, however, because it recognizes the vesting of the interests during the lifetime of the parent. At her death and solely for the protection of the grandchildren, he directs that their shares shall not be paid to them if their father shall be living, but that such payment shall await his death. This individual reference to the members of a class is made, it is true, only to the issue of one child, but it is the key to his inten-

tion respecting the other children. He foresaw that, as to the portions of the children of that daughter, it would be prudent to postpone payment until the death of the father; but he made no distinction between the vesting of those portions and the shares of the other grandchildren. All were to vest at the same time. If, then, he declared in express terms that the then living issue of one child were the only parties who could succeed to her share, and if all the grandchildren took together, how can it be said that the legatees were not ascertained?

The conclusive answer is found, however, in the limitation over to the testator's surviving children upon the death of a child without issue living. Under the authorities, the effect of that limitation was to show that the attainment by the grandchildren to the age of twenty-five years, was not a condition precedent to the vesting of their interests, but was simply a designation of the time at which those interests were to be paid. This suspending of possession did not affect the integrity of the gift, and could not defeat its vesting: 1 Jarman on Wills, 252–3. In Bree v. Perfect, 1 Coll. 128, the gift over was to such of the children of B., the life tenant, as should be living at the time of her death, as they attained twenty-one; but if B. should die without leaving issue, then to C.; and it was held that a child of B., who died after her under twenty-one, took a vested estate. See also Ashhurst's Est., 17 W. N. 538. In Smith's App., 88 Pa. 492, where the appointment by the daughter was to a class which might have included members born after the death of the donor of the power, whose will and that of the donee were to be read as one instrument, there was no such limitation over, and the decision which was rendered is inapplicable here. That the limitation over converts what, without it, would have been a condition precedent into a condition subsequent, see Edwards v. Hammond, 3 Lev. 132; Jarman on Wills, 809. See also the remarks of Jessel, M. R., in Fox v. Fox, L. R. 19 Eq. 291.

The exceptions are sustained.

Concurring opinion, Penrose, J.:

If the case rested upon the will alone, and if the gift to the

grandchildren of the testator must be understood as including all who shall attain the age of twenty-five years at any time, it would necessarily follow that the limitation would be void as transgressive of the rule against perpetuities, notwithstanding the fact that no grandchild has been born since his death. The validity of such a gift is to be tested by possibilities, not by actual results. Unless the limitation be such that it must, inevitably, vest within a life or lives in being and twenty-one years, etc., after the death of the testator, it fails in its inception and is bad altogether; and, if to a class, as to some members of which it might possibly not vest until after the prescribed period, it is void as to all if the shares cannot be defined or separated, as they cannot be where all who are intended to take must be considered in estimating them. Nor would the difficulty be overcome by the limitation over in the event of the death of a child of the testator without leaving "a child or issue of a deceased child," without reference to the age of such child. When it is doubtful whether the time appointed applies to the vesting or merely to the payment, a gift over in the event of the death of the legatee before such time may imply a prior vesting, and so resolve the doubt: Bree v. Perfect, 1 Coll. 128; Finch v. Lane, 10 Eq. 501; Phipp v. Ackers, 3 Cl. & F. 691; Ashhurst's Est., 17 W. N. 538; but this effect cannot be given where the attainment of the prescribed age forms part of the original description of the legatee: Smith on Executory Interests, § 366; Theobald on Wills, 268; Bull v. Pritchard, 1 Russ. 213. That the limitation takes effect by way of remainder after a prior life estate is immaterial. A legal remainder in lands, whether vested or contingent, is not affected by the doctrine of perpetuities; but this principle does not apply to personalty, as to which all bequests of future interests, whether with or without the intervention of a particular estate, are regarded, not as remainders, but as executory bequests: Gray on Perp., §§ 325, 326, 90, 117, 321.

But can it be said to be certain that the limitation includes all grandchildren without reference to the time when they attain the age of twenty-five years? The will directs that the trustee shall "so distribute and pay the whole income of the residuary estate as that each child shall receive an equal one fourth part in equal half yearly payments during his or her

respective natural life; and upon the decease of either one of such children, and successively of each of them, then as respects the corpus or principal of such residuary estate to and for the only proper use of his or her child, or all of his or her children, if more than one, who shall have attained, or shall attain the age of twenty-five years, and the issue of any such who shall have died or shall die under that age leaving issue," per stirpes; "but if either of said children shall die without leaving a child or issue of a child him or her surviving, then the share of residuary estate above limited to the use of his or her child or children . . . . . shall be held for the use and benefit of the other children and their respective issue upon and subject to the trusts and limitations before expressed and contained."

Thus it will be seen that, except in the event of the taking effect of the limitation over by reason of a death without leaving a child or issue, the estate is not to be " held " by the trustee after the death of a child of the testator, so far as concerns the share of such child, and the share of the corpus so held previously is to be " then " distributed among such of the children of that child who "shall have attained or shall attain the age of twenty-five years." This expression is ambiguous. It may refer to the death of the testator and mean that the estate is to go to such grandchildren as at that time have attained or who shall attain, prior to the death of their parent (the time fixed for distribution), the prescribed age; or it may refer to the time of distribution, and intend only the grandchildren who have then or who shall thereafter attain such age. In the latter case, the gift will fail for remoteness and a partial intestacy will result. The former is therefore, under well-settled principles, to be adopted as the true meaning. " It is a general rule," says Sir Edward Coke, " whensoever the words of a deed or of the parties without a deed may have a double intendment, and one standeth with law and right, and the other is wrongful and against law, the intendment that standeth with law is to be taken: " Co. Litt. 42 b. Where the instrument, taken as a whole, is ambiguously expressed, or if it contain conflicting and contradictory clauses, the construction which will make it valid will be preferred to that which will defeat it or lead to an intestacy: Williams on Ex., 1340; Ashhurst's Estate, supra. Or, as it is expressed by Prof. Gray, " The fact that a

provision would be too remote if construed in a certain way is a reason for supposing that it was not intended to be construed in that way, which although it cannot avail against a clear form of words may well be held to govern when the expression is ambiguous:" Gray on Perpetuities, § 633.

Adopting the construction which saves the operation of the will (a construction aided by the fact that the word "thereafter," which would have been used if the time of distribution was referred to as the date after which the grandchildren " shall attain " the age of twenty-five years), the effect is to limit the estate to such of the grandchildren as at the death of their parent may be twenty-five years of age, to the exclusion of those who are not; with an alternative limitation (by implication from the limitation over) to grandchildren, generally, if none should have then attained the requisite age: See Theobald on Wills, 297, citing Longhead v. Phelps, 2 W. Bl. 704; Crompe v. Barrow, 4 Ves. 681; Doe v. Challis, 7 H. L. 531.

But whatever may be said with regard to the will, the limitation to the grandchildren, all of whom were born in the lifetime of the testator, and are now more than twenty-five years old, is clearly sustainable under the codicil. It is true, in contemplation of law, other grandchildren may be born hereafter; the fact that a woman is past the age of child-bearing not being considered in determining whether a gift is void for remoteness or not: Jee v. Audley, 1 Cox 324; Sayer's Trust, 6 Eq. 319; but in applying the rule, the state of things existing at the death of the testator and not at the date of the will is to be looked at: Vanderplank v. King, 3 Hare 17; Cattlin v. Brown, 11 Hare 382; Peard v. Kekewich, 15 Beav. 173; and the gift to grandchildren living at his death will not fail unless so blended with gifts to others not then born as to be incapable of ascertainment and severance. The codicil, changing the will in this respect, provides that the grandchildren shall take per capita; and as they successively attain the age at which they become entitled to possession, their shares are to be determined, not by the number who may ultimately become so entitled, but by the number of grandchildren, etc., then living, without respect to age. The interests being thus severable, the validity of the gift to those born in the lifetime of the testator is not affected by its invalidity as to others born there-

after: Griffith v. Pownall, 13 Sim. 393; Cattlin v. Brown, 11 Hare 372; Wilson v. Wilson, 4 Jur., N. S., 1076; Storrs v. Benbow, 2 My. & K. 46, etc., etc.  It is immaterial that the will does not define the amount in dollars, or say that the shares shall be a certain fixed proportion, as one tenth, one twentieth, etc., if a method by which it is to be ascertained is pointed out and can be resorted to within the requisite limit. Id certum est quod certum reddi potest.  " Though the amount of each legacy is dependent upon the number of legatees, yet if the number must be determined within the required limits, the gift is separable:" Gray on Perpetuities, § 389.  The principle, of course, is the same where, as here, the amount is dependent not upon the number of legatees, but upon the number of individuals in being at a certain date within the limits.  " The cases as well as the reason of the thing show that where, on a gift to a class, the number of the shares is definitely fixed within the time required by the rule against perpetuities, the question of remoteness is to be considered with reference to each share separately:" Gray on Perpetuities, § 391.  See also Theobald on Wills, 298; Williams on Ex., 1351.

Under this view of the case, as the gift to grandchildren is clearly good so far as concerns those now in being, it is unnecessary to consider whether the codicil, which declares that the residuary estate shall be held for " all " the grandchildren, per capita, and provides the method for ascertaining the share of each as he or she becomes entitled to " receive " it, does not, under the rule of construction already referred to, and in view of the limitation over contained in the will, indicate the intention of the testator to vest the interests and simply defer the time of payment.  If vested, the attempted withholding of the beneficial enjoyment after the legatees have attained the age of twenty-one years, is without recognized legal purpose, and void for repugnancy, and the right of possession will be accelerated accordingly: 1 Jarman on Wills, 252; Gray on Perpetuities, § 205.

As there is a valid limitation to the grandchildren, taking effect at the death of the tenants for life, respectively, the trust for its preservation must be sustained, and the adjudication in this respect modified.

On July 5, 1887, a formal decree was entered vacating the distribution awarded upon the adjudication, directing the delivery to the Provident L. & T. Co., succeeding trustee, of the assets and securities embraced in the account and aggregating $48,453, to be held and applied for the use and benefit of parties beneficially interested therein under the provisions of said will; decreeing that the accountant pay over to said company the further sum of $114,944.56 to be held and applied, etc., and that no share or portion of the funds, assets, or securities of said estate, or the income thereof should be paid to the said Passmore Williamson, by his successor in the trust, until after he should have complied with all the orders upon him in the decree contained.

Thereupon Mrs. Mary W. Coggins took this appeal, specifying in substance that the court erred in not confirming the adjudication of the auditing judge, and in holding that the trusts declared by the will of the testator respecting the capital of his residuary estate were valid and subsisting.

*Mr. J. Howard Gendell* and *Mr. John G. Johnson*, for the appellant:

1. The appellant's husband being dead, there is now nothing to sustain the trusts but the preservation of the remainder interests, and if these are void the trust falls. True, there are active duties for the trustee, but they are merely ancillary to the trusts: Yarnall's App., 70 Pa. 335; Ogden's App., 70 Pa. 501; Megargee v. Naglee, 64 Pa. 216; Williams's App., 83 Pa. 377. If the remainders are void, the life interests which testator's children have under the will and the absolute interest as his next of kin coalesce, and they are entitled to a conveyance: Ring v. Hardwicke, 2 Beav. 352.

2. The rule is well settled that a future interest must vest within a life or lives in being and twenty-one years. It is not sufficient that it may vest, or even that in the actual event the facts fall greatly with the limit. It must be apparent from the very outset that it must inevitably vest within the time, and if by possibility it may not vest within the limit, it is void from the beginning, and that, not as to the excess, but altogether: Williams on Real P., 305; Perry on Trusts, § 381; Lewis on Perp., 456; Leake v. Robinson, 2 Mer. 363; Porter

Arguments.

v. Fox, 6 Sim. 485; Blagrove v. Hancock, 16 Sim. 371; Dodd v. Wake, 8 Sim. 615; Newman v. Newman, 10 Sim. 51; Vawdry v. Geddes, 1 Russ. & M. 203; Smith's App., 88 Pa. 492; Davenport v. Harris, 3 Gr. 164. Bull v. Pritchard, 1 Russ. 213, and 5 Hare 567, is our exact case.

3. It is sufficient to cite the following as cases in which there were gifts to grandchildren reaching an age above twenty-one years, and in which there was either a gift for maintenance or a gift to the issue of those dying under the prescribed age, or a gift over in case of death, and yet the gift was held void for remoteness; many of them are very close indeed to the present case: Cromek v. Lumb, 3 Younge & Coll. 565; Newman v. Newman, 10 Sim. 51; Comfort v. Austen, 12 Sim. 218; Boughton v. Boughton, 1 H. L. 406; Boreham v. Bignall, 2 Beav. 352; Ring v. Hardwicke, 2 Beav. 352; Griffith v. Blunt, 4 Beav. 248; Southern v. Wollaston, 16 Beav. 166; Chance v. Chance, 16 Beav. 572; Merlin v. Blagrave, 25 Beav. 125; Thomas v. Wilberforce, 31 Beav. 299; Pickford v. Brown, 2 Kay & J. 426; Hall v. Hall, 123 Mass. 120.

I. In the present case, the gift is to all the grandchildren, whether born during the lifetime of the testator or at any time afterwards, even at the very end of their parent's life; and to them as one class. The court below has so held in several cases: John's Est., 2 W. N. 632; Bonaffon's Est., 14 W. N. 501; Wilson v. Corbin, 1 Pars. 347. This court also has so held: Minnig v. Batdorff, 5 Pa. 503; Haskins v. Tate, 25 Pa. 249; Hawkins on Wills, *71—2; Porter v. Fox, 6 Sim. 485; Leake v. Robinson, 2 Mer. 363; Vawdry v. Geddes, 1 Russ. & M. 203; Blagrove v. Hancock, 16 Sim. 371; Sayer's Trusts, L. R. 6 Eq. 319; Hall v. Hall, 123 Mass. 121; Fosdick v. Fosdick, 88 Mass. 21, 44. If stress be laid on the fact that each share is to be ascertained when its owner reaches the prescribed age, without regard to the others, the same may be said of many of the cases. In addition to those mentioned, we cite: Merlin v. Blagrave, 25 Beav. 125; Griffith v. Blunt, 4 Beav. 248.

II. The gift is contingent, or executory, and does not vest in interest until the grandchildren respectively attain the age of twenty-five years. The age does not relate merely to the time of payment.

Arguments.

1. Whenever possible, the courts hold that such words as, if, at, when, etc., relate to the time of payment, so that the estate may be held to have vested; but this is never the case unless there is some gift, express, or implied from some other provision, as the payment of interest, maintenance, a gift over, etc.: Ashhurst Est., 17 W. N. 538. But unless there be such express or implied provision, there is no vesting until the time of payment, and the person to receive must be ascertained as of that time: Hawkins on Wills, 226; Moore v. Smith, 9 W. 403.

2. The gift is to those "who shall have attained or shall attain the age," etc. "When the attainment of the given age is made part of the description of the devisees . . . . . until they have attained that age no one completely answers the description which the testator has given of those who are to be devisees under his will, and therefore no person in whom the estate can vest: Hawkins on Wills, 241–2; Smith on Executory Interests, § 281, p. 136; Newman v. Newman, 10 Sim. 51; Duffield v. Duffield, 1 Dow & C. 268; Testing v. Allen, 1 M. & W. 279; McBride v. Smyth, 54 Pa. 245; Mergenthaler's App., 15 W. N. 441.

3. The gift over, on the death of a child without issue, does not affect the contingent nature of the estates. This provision in the will is entirely superseded by the directions in the codicil respecting the distribution per capita; but, without pressing this, such gift over is only useful in deciding in a doubtful case; it has no effect when the nature of the estate is clear: Smith on Executory Interests, § 366, rule VI.; Leake v. Robinson, 2 Mer. 362; Bull v. Pritchard, 1 Russ. 213, and 5 Hare 567; Judd v. Judd, 3 Sim. 525; Hunter v. Judd, 4 Sim. 555; Ring v. Hardwicke, 2 Beav. 352; Pickford v. Brown, 2 Kay & J. 426; Cromek v. Lumb, 3 Younge & Coll. 565; Vawdry v. Geddes, 1 Russ. & M. 203. The doctrine of these cases has been fully accepted in Pennsylvania: Davenport v. Harris, 3 Gr. 164; Seibert's App., 13 Pa. 501.

*Mr. Edwin S. Dixon* and *Mr. J. B. Townsend*, for the appellees:

1. The wholesome rule which prevails both at law and in equity, that remainders shall be held to be vested, rather than

contingent, whenever it be possible so to construe them, ought
to be applied in this case, where all the designated beneficiaries
are in being and have fulfilled the conditions of the will.   As
illustrations of the application of this rule, see Buzby's Est.,
61 Pa. 111;  Fulton v. Fulton, 2 Gr. 28.   And the question,
whether vested or not, is always to be determined by a fair
and reasonable construction of the whole will, and not from
any particular expressions : Lightner's App., 11 W. N. 183;
Schott's Est., 78 Pa. 40 ; McArthur v. Scott, 113 U. S. 340;
Leaming v. Sharatt, 2 Hare 14;  Bayley v. Bishop, 9 Ves. 6;
2 Redf. on Wills, § 37 ; Gray on Perp., §§ 278, 641;  Randall
on Perp., 85 ; McClure's App., 72 Pa. 414;  Kelso v. Dickey,
7 W. & S. 279;  Umstead's App., 60 Pa. 365 ;  Provenchere's
App., 67 Pa. 463 ;  Peterson's App., 88 Pa. 397 ;  McCall's App.,
86 Pa. 254.

2. Taking the provisions of the will by themselves, without
the modifications effected by the codicil, it seems very clear
that the grandchildren were to succeed immediately, and not
at any subsequent period, to beneficial interests in the shares
of deceased parents who were children.   The words used show
that the testator anticipated that some of his grandchildren
would be over twenty-five, when the life estates terminated,
and to them, if that old, his gift in remainder is as direct and
positive as language can make it.   Not one of the life estates
has terminated, and all the remaindermen are over the required
age.    There is no expression to indicate that upon the death of
any one of his children, the grandchildren should not have the
present use of the income.   When a legacy is given to a grand-
child, or one towards whom the testator stood in loco parentis,
though payable at a future day, it will bear interest from one
year after the death, by way of maintenance : Bowman's App.,
34 Pa. 19;  Cooper v. Scott, 62 Pa. 139;  Redf. on Wills, 568.

3. The primary intent of the codicil was to change the suc-
cession of the grandchildren from the per stirpes system to the
per capita system ; to make the grandchildren direct donees of
the testator; and, together with the change of distribution,
there is a clear intention to define the rights of the grandchil-
dren and to ascertain their separate and respective shares of
capital immediately upon the death of each of the children suc-
cessively.   Where a bequest is to each of the members of a

class, or the language used indicates that the bequest was designed for the individual members of a class, it will be held to create a present vested interest, which will not be affected by any members of the class being disqualified by remoteness: Eckles v. Birkett, 4 DeG. & S. 105; Bree v. Perfect, 1 Coll. 128; Hagger v. Payne, 23 Beav. 474; Griffith v. Pownall, 13 Sim. 393.

4. A vested interest, legal or equitable, is not subject to the rule against perpetuities, for ex vi termini, it is not subject to the condition precedent: Gray on Perp., §§ 205, 232. And if the vesting of the limitations be confined to the prescribed limits, it is not invalid by the circumstance that its taking effect in possession is postponed beyond the boundary of perpetuity: Lewis on Perp., § 511; 1 Jarman on Wills, 252, 253; Kiven v. Williams, 5 Sim. 171; Parner v. Frances, 2 Bing. 161; Lantz v. Trusler, 37 Pa. 482; Laguerenne's Est., 12 W. N. 110; Manderson v. Lukens, 23 Pa. 31. The law in this state seems to be well settled that the use of the words, when, upon, in a gift to a person, preceded by the limitation of the estate for life, does not import a contingency, but the remainder vests from the death of the testator: Crawford v. Ford, 7 W. N. 532. The limitation over to the issue of such grandchildren as may die in the lifetime of their parents, or before attaining twenty-five, is a powerful argument in favor of treating the legacies to the grandchildren as vested: Newport v. Cook, 2 Ash. 341; Fox v. Fox, L. R. 19 Eq. 286; Ashhurst's Est., 17 W. N. 540.

OPINION, MR. CHIEF JUSTICE PAXSON:

This contention is about the proper construction of the will of the late Thomas Williamson. The testator bequeathed his estate in trust for the benefit of his wife and children. The provisions for the wife are not involved in this case. To each of his children he gave an estate for life. The clause of his will which affects this controversy is as follows:

"And upon and after the decease of my wife, to continue the management as aforesaid, for the benefit of my said four children, and so distribute and pay the whole net income of my residuary estate as that each of them shall receive an equal fourth part thereof in half yearly payments from time to time

during his and her respective natural life; and upon the decease of either of my said children, and successively of each of them, then as respects one equal fourth part of the corpus or principal of my residuary estate, to and for the only proper use of his or her child, or all of his or her children, if more than one, who shall have attained, or shall attain, the age of twenty-five years, and the issue of any such who shall have died, or shall die, under that age leaving issue, in equal shares; so, however, that the issue of any such deceased child, if more than one person, shall take equally among them such share only as their parent would have taken, if living; but if either of my said children shall die without leaving a child, or issue of a child, him or her surviving, then as respects the share of any residuary estate above limited to the use of his or her child or children, I will and direct shall be held for the equal use and benefit of my other children, and their respective issue, and upon and subject to the trusts and limitations hereinbefore expressed and contained."

By a codicil the testator directed distribution among grandchildren per capita instead of per stirpes, and that as to the children of his daughter Anna W. Stackhouse, no portion of the principal coming to them should be paid during the lifetime of their father, Amos Stackhouse.

The testator left surviving four children all of whom are yet living, and eleven grandchildren, ten of whom are yet living, and mostly over twenty-five years of age. One grandchild is deceased without issue. No grandchildren have been born since the testator's death.

The contention of the appellant is that the will and codicil are to be construed as giving an interest to all grandchildren, whether born during the life of the testator or at any time afterwards; that the remainder after the life estate does not vest until the grandchildren are twenty-five years of age respectively, and as they or some of them, may not attain that age until more than twenty-one years after their parent's death, the gift is within the rule against perpetuities and therefore void; that the testator died intestate as to the remainder after the life interests; the children take it as next of kin to the testator and their life interests and the remainders coalesce.

The auditing judge sustained the view of the appellant and

directed distribution of the corpus of the estate to the four children of the testator. Upon exceptions to his adjudication the Orphans' Court reversed the auditing judge, and sustained the trusts in the will. An opinion was delivered by each of the learned judges who differed from the auditing judge, in which, while they agree as to the result, they are not altogether in harmony in the mode of reaching it. It is a satisfaction to know that with the opinions of the learned judges of the Orphans' Court, and the oral and printed arguments of the learned counsel respectively, we have before us about all that can be profitably said on either side.

Where there is any serious doubt whether a legacy is vested or contingent, such doubt should be resolved in favor of vesting. In Chess's App., 87 Pa. 362, it was said by SHARSWOOD, J., in delivering the opinion of the court: "The inclination of the courts is always in favor of the vesting of legacies because, in ninety-nine cases out of a hundred, it is the intention of the testator that his bounty should be transmitted to the children or family of the beneficiary, otherwise, indeed, full effect is not given to it." And the question, whether vested or not, is always to be determined by a fair and reasonable construction of the whole will, and not from any particular expressions: Schott's Est., 78 Pa. 40; M'Arthur v. Scott, 113 U. S. 340; Leaming v. Sharatt, 2 Hare 14; Bayley v. Bishop, 6 Ves. 9; Redfield on Wills, § 37; Gray on Perpetuities, §§ 278, 641; Randall on Perpetuities, 85. On the other hand, we have a rule of property, founded upon the highest considerations of public policy, and too firmly imbedded in our system of jurisprudence to be disturbed save by an act of assembly, which requires that all future estates limited upon a life estate, which are not sure to take effect within twenty-one years and the usual fraction, after the determination of the life estate, are void in their creation: Davenport v. Harris, 3 Gr. 164. Where the language of a will leaves us in doubt whether this rule has been transgressed, we may well resolve the doubt in favor of vesting, especially when, upon a careful examination of the whole will, we may reasonably infer such to have been the intent of the testator. But where the language employed is not ambiguous and is clearly transgressive of the rule, it is useless to grope after a supposed intent of the testator. The

rule itself must be sustained in all its integrity or abandoned. We prefer the former course.

The gift of the remainder is to the grandchildren as a class. The vital question is when did it vest? It was said by LORD MANSFIELD in Baldwin v. Karver, Cowp. 309, that "the point to be determined in gifts of this character, however general in their terms, is, when does the legacy vest?" In some instances it may be upon the death of the testator, in others upon the death of the first taker, and in yet other instances it may be upon the happening of a contingency. In either event it is the time of vesting which determines who shall take. In a note to Andrews v. Pattington, 3 Br. C. C. 404, Mr. Eden arranges the cases in three classes as follows:

1. Where there is simply a general devise to children or other persons as a class, in which it comprehends all persons answering that description at the testator's death.

2. Where there is a previous life estate, in which case all the persons answering the description at the extinction of that life are included.

3. Where the bequest is to children generally, payable at a certain period, as at twenty-one or marriage, in which case all children are let in who come into esse before the first child attains the period appointed.

It is a conceded principle that the future interest must vest within a life or lives in being and twenty-one years. It is not sufficient that it may vest. It must vest within that time or the gift is void, void in its creation. Its validity is to be tested by possible and not by actual events. And if the gift is to a class, and it is void as to any of the class, it is void as to all. Authority is scarcely needed for so familiar a proposition. It is sufficient to refer to Leake v. Robinson, 2 Mer. 363; Porter v. Fox, 6 Sim. 485; Blagrove v. Hancock, 16 Sim. 371; Dodd v. Wake, 8 Sim. 615; Newman v. Newman, 10 Sim. 51; Vawdry v. Geddes, 1 Russ. & M. 203; Williams on Real Property, 305; Perry on Trusts, § 381; Lewis on Perpetuities, 456; Hillyard v. Miller, 10 Pa. 334; Smith's App., 88 Pa. 492. The last case is cited upon this point alone. Subsequent reflection has left some doubt in my mind as to the soundness of the ruling in that case upon the main question involved, and as I wrote the opinion I may be allow-

ed to criticise it. Of the principles above referred to there can be no manner of doubt.

We regard it as equally clear that the time when the gift must vest is the death of the life-tenants respectively. There is not a word in the will from which any legal inference can be drawn that the remainder was to vest in the grandchildren at the death of the testator. The language is: "And upon the decease of either one of my said children, and successively of each of them, then as respects one equal fourth part of the corpus or principal of my residuary estate, to and for the only proper use of his or her child, or of all of his or her children," etc. The word "then" in this connection is evidently not used as an adverb of time; it merely means "in that case." But if we treat it as an adverb of time, it evidently refers to the death of the life-tenant. That is the period the testator is speaking of, and the gift is to all the grandchildren, whether born during the lifetime of the testator or at any time afterwards. A child born the day before the death of the life-tenant would come within the description. Moreover, we are in no doubt that such was the intent of the testator. Why should he cut off all grandchildren born after his death? They would have been as near to him in blood as those born during his life, and we cannot assume without reason, and in the face of the clear language of his will, that he intended to deprive after-born grandchildren of all share of his estate. Moreover, the gift to the grandchildren was to them as a class.

We need not go out of our own state for authority for the proposition that the gift is to all grandchildren living at the death of the life-tenant. In Minnig v. Batdorff, 5 Pa. 503, it was held: "When there is an intermediate gift to children, those only living at the testator's death will take; but it is now settled that where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or of any other person, the limitation will embrace not only the objects living at the death of the testator, but all who shall subsequently come into existence before the period of distribution." In Haskins v. Tate, 25 Pa. 249, it was held that a gift to "my son Robert's children, he and them enjoying the benefits of it whilst he lives," gave a life estate to Robert, remainder to his children, and that children born after the

death of the testator were entitled to share in the estate. This
is in accordance with the rule laid down by the best text
writers, and with many of the English and American cases.
In the leading case of Leake v. Robinson, supra, it was said:
"Whenever a testator gives to a parent for life, remainder to
his children, he does mean to include all the children such
parent may at any time have." The doctrine was finally
established in the House of Lords in Boughton v. Boughton, 1
H. of L. 406. See also Hall v. Hall, 123 Mass. 120; Fosdick
v. Fosdick, 88 Mass. 21.

Assuming that the gift is to all the grandchildren, whenever
born, we reach the vital question in the case, when does it vest?
If it vests at the death of the tenant for life, or within twenty-
one years thereafter, it is outside of the rule against perpetu-
ities, and the gift is good. The contention of the appellant
is that the gift is contingent or executory, and does not vest in
interest until the grandchildren respectively attain the age of
twenty-five years.

The age does not merely relate to the time of payment. The
gift is to those "who shall have attained or shall attain the age
of twenty-five years." It is unnecessary to discuss the long
line of cases in which the time of vesting and the time of pay-
ment, and the effect of such words as "when," "at," or "if,"
are discussed. Whenever possible the courts have held that
these words refer to the time of payment, in order that the
estate may be held to be vested. But in all such cases there
has been some previous gift, express or implied, by which the
party was to have some benefit from the gift prior to the time
fixed for payment; such as the payment of interest, a provision
for maintenance, or other matters of a like nature. And it
appears to be well settled that unless there be some gift,
express or implied, in order to so apply the word, there is no
vesting until the time of payment, and the person to receive
must be ascertained at that time. "A legacy shall be deemed
vested or contingent, just as the time shall have been annexed
to the gift or the payment of it. And where there is no sepa-
rate and antecedent gift, which is independent of the direction
and time for payment, the legacy is contingent:" Moore v.
Smith, 9 W. 403. In Hawkins on Wills, 241–2, it is said that
the nice distinctions respecting vesting and payment do not

arise, "where the attainment of the given age is made part of the description of the devisee; as if the devise be to all and every the children of A. who shall attain twenty-one, or to such children of A. as shall attain twenty-one, with a gift over on attaining that age. . . . . Until they have attained that age no one completely answers the description which the testator has given of those who are to be devisees under his will; and, therefore, there is no person in whom the estate can vest. . . . . It is prima facie contingent notwithstanding a gift over in default of a child or children who should fulfil the required condition."

It would seem clear, from the language of the will, that the age of the grandchildren refers not merely to the time of payment or distribution, but is descriptive of the persons who take. A grandchild who dies before arriving at twenty-five takes no interest; nothing which he can dispose of by will or otherwise; nothing which can descend to his heirs. It is true there is a gift over to the issue of a grandchild dying before reaching the specified time, but in such case the issue takes not as heir or next of kin of his parent, but as the devisee of Thomas Williamson. Nor is there any provision for the payment of interest to or for maintenance of a grandchild prior to his or her arriving at the age of twenty-five years. The provision in regard to age is descriptive of the persons who shall take under the will, for no one can tell until that time arrives who will be entitled. The gift to each grandchild is contingent upon his arriving at twenty-five years of age. In our own case of Mc-Bride v. Smyth, 54 Pa. 245, this subject was thoroughly discussed by Mr. Justice STRONG, who said: "The first question raised by the bill and answer is, whether the children of Francis McBride, the testator, took under his will a vested interest in the land described, at his death, or whether whatever interest any of them took under the will, first vested when the youngest child attained the age of twenty-one years? In regard to this we have no doubt. The testator devised all the residue of his estate, including the property described in the bill as sold to the defendant, to trustees, to hold until his youngest child who might then be living should attain the age of twenty-one years, upon certain defined trusts, and upon the youngest of his children who might be living attaining the age of twenty-one years, he gave, subject to a provision for his widow, all his said

(residuary) estate, real, personal, and mixed, to such of his children as might be living at that time, their heirs, etc. This is not a mere postponement of the time of enjoyment. It is a selection of individuals from a class to be donees of a right; a description of persons, not a regulation of the interest given. It is impossible to admit that a gift to such a number of persons as may meet a defined description, is a gift to all the persons, whether they meet the description or not. The rule of legal construction, as well as the testamentary intent in such cases, is well stated in Smith on Executory Interests, 281. It is this: ' Where real or personal estate is devised or bequeathed to such children, or to such child or individuals, as shall attain a given age, or the children who shall sustain a certain character, or do a particular act, or be living at a certain time, without any distinct gift to the whole class, preceding such restrictive description, so that the uncertain event forms part of the description of the devisee or legatee, the interest so devised is contingent on account of the person. For, until the age is attained, the character is sustained, or the act is performed, the person is unascertained; there is no person answering the description of the person who is to take as devisee or legatee.' If, then, we are to seek for the intention of the testator in the language of his will, we must conclude he gave no vested interest in his residuary estate to any of his children, that the devises were contingent and became vested only, when the youngest child living attained the age of twenty-one years, in such children as were then in life." This case has been frequently followed; one of the later cases is Mergenthaler's App., 15 W. N. 441.

It was urged, however, that a conclusive answer to this line of argument is found in the limitation over to the testator's surviving children upon the death of a child without issue living, that under the authorities the effect of that limitation was to show that the attainment by the grandchildren to the age of twenty-five years, was not a condition precedent to the vesting of their interests, but was simply a designation of the time at which those interests were to be paid; that the suspending of possession did not affect the integrity of the gift. We may concede the latter part of this proposition. This is not a question of the suspending of the possession, but of the

vesting of the interest. If vested, the matter of the suspending of the possession or enjoyment could be easily disposed of. The first part of the proposition is an argument in favor of vesting, but it lacks the conclusive character claimed for it. In a doubtful case it would be persuasive, but where the nature of the interest is clear it is entitled to but little weight. There is abundant authority, some of which has been already cited, that where the attainment of a certain age forms part of the original description of the devisee, the vesting is suspended until the attainment of that age, even though the limitation over is only to take effect in case of his death under that age without issue: Smith on Executory Interests, § 366. In Leake v. Robinson, supra, it was said, referring to the implication from the gift over: " When the vesting is so clearly and expressly postponed, it is in vain to infer from other expressions used without any reference to that object, that the testator did not conceive himself to have postponed the vesting." In Davenport v. Harris, 3 Gr. 164, there was such a gift over, but the interest was held to be contingent on reaching the prescribed age, and therefore void because too remote. In Seibert's App., 13 Pa. 501, there was a gift for life to a daughter, remainder to her children as they arrived at the age of twenty-one, with a gift over in case the daughter did not have any issue living at the time of her death, and it was held contingent, and a grand-daughter who died after her mother (the life-tenant) under the prescribed age, took nothing under the will. See also Bull v. Pritchard, 1 Russ. 213 ; Hunter v. Judd, 4 Sim. 555, Judd v. Judd, 3 Sim. 525; Ring v. Hardwicke, 2 Beav. 352 ; Pickford v. Brown, 2 Kay & J. 426 ; Vawdry v. Geddes, 1 Russ. & M. 203.

It was further urged that by the terms of the codicil the gifts to the grandchildren are severable. We are unable to see the force of this proposition. The provision that they shall take per capita does not make them so, nor can we attribute such an effect to the direction that as the grandchildren respectively attain the age at which they become entitled to possession, their shares shall be determined, not by the number who may become so entitled, but by the number of grandchildren then living. The fact remains that the gift is to a class, and not to particular persons of a class, and whether a

member of the class can take, depends upon the contingency of his or her arriving at the age of twenty-five years.

Measuring this will by its possibilities, not by the facts as they happened to be, it is easy to see that grandchildren may be born within one year before the death of a life-tenant, in which case the gift could not vest within the period fixed by the rule against perpetuities. We must be careful not to strain the law so as to avoid this rule. It is founded upon a sound principle of public policy and should be rigidly enforced. We are constrained to hold that the gift to the grandchildren is void, and that the estate must be distributed to the children who have the life estates.

This conclusion meets the substantial justice of the case.

> The decree is reversed at the costs of the appellees ; the adjudication of the auditing judge is affirmed, and it is ordered that distribution be made in accordance therewith.

Mr. Justice STERRETT dissents.