## Harmstad's Estate.

*George G. Chandler* and *Robert T. McCracken,* for exceptant.

*R. M. Remick (Saul, Ewing, Remick & Saul* with him), contra.

LAMORELLE, P. J., March 12, 1929.—The exceptions raise a question of the interpretation of the will of George R. Harmstad, deceased, so far as the rule against perpetuities relates thereto. The Auditing Judge has decided that the remainder over to a class violates the rule and has accordingly awarded the fund to the next of kin as of the date of the death of testator. In this we find no error.

The will created a trust for Ann Jane Brown for life. Upon her death the estate was to be continued in trust for the longest liver of the children of two brothers of testator then living (except one named child), and upon the termination of the trust testator gave the property absolutely to all the children and issue of all his said nephews and nieces, such issue taking their parent's share, excepting and excluding from the gift the children and issue of one named niece.

Viewing the situation as of the death of testator, it was possible, for example, the longest liver of the nephews and nieces might be a nephew or niece who was unborn at the death of testator; that the trust might endure for more than twenty-one years after the death of Ann Jane Brown; and that the nephews and nieces unborn at the death of testator might have had children born to them more than twenty-one years after the death of Ann Jane Brown. Other examples might be given where ultimate remaindermen could not be ascertained within a life or lives in being and twenty-one years thereafter, but one is sufficient.

It is, however, most earnestly contended that at the death of Ann Jane Brown there were living nephews and nieces; that the remainder interest vested in them, and as it vested at the death of Ann Jane Brown, the rule against perpetuities was not violated; and that it was immaterial that such ultimate remainder might thereafter be opened in order to permit other members of the class to share therein before the vesting in enjoyment.

The ultimate remainder is to great-nephews and nieces and their issue *per stirpes*, and it is possible that survivorship at the death of the longest liver of the nephews and nieces was annexed to the gift. The argument assumes that it was not. Be that as it may, the contention cannot be sustained. The purpose of the rule against perpetuities is to prevent an estate from being inalienable for more than a life or lives in being and twenty-one years thereafter, but, as already indicated, it might not have been possible to ascertain one or more of the ultimate remaindermen within the time limit, and if this contingency had occurred it would not have been possible to alien the property within the time limit.

It might also be added that where there is a limitation to a class and some of the class cannot be ascertained within the time limit while others can, the whole limitation fails. See Coggins's Appeal, 124 Pa. 10.

The rule, what is meant by "class," by "vested remainders," etc., is discussed in Gray on Perpetuities (3rd ed.), § 110 A, 205 A and 972; also in Coggins's Appeal, *supra*, and in Wickersham's Estate, No. 1, 261 Pa. 121. The rule is tested by possible and not by actual events. Judged by this standard, the exceptants' claim is without merit.

The exceptions are accordingly dismissed and the adjudication is confirmed absolutely.

VAN DUSEN, J., concurs in the result.