Tilghman C. J.
Christian Wirts being seised in fee of the land which is the subject of this ejectment, by indenture dated 22d May, 1787, between himself and his wife of the one part, and Philip Wager and Hannah his wife (daughter of the said Christian Wirts) of the other part, in consideration, as well of his love for his daughter, as of 600l. paid to him by the said Philip Wager, granted the said land to Philip Wager and Hannah his wife, &c. &c. — [Here the Chief Justice read the words of the deed.] — One of the most important rules in the construction of deeds, is so to construe them, that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man’s intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in the habendum; and 'iii conformity with the rules which I have mentioned, the courts have always given efficacy to such explanation. The habendumi, says Blackstone, may lessen, enlarge, explain, or qualify the premises, but not totally contradict them. If the premises give “ to A and the heirs of “ his body,” habendum “ to him and his heirs forever,” the *376 whole is reconciled by giving A an estate-tail, with afee simple expectant thereon. But had the grant in the premises been to “ A and his heirs,” habendum to him “ for life,” the habendum would be void, because an estate of inheritance had been vested by the premises. 2 Blackstone, 298. Now, we shall find that the premises of the deed in question, are in very general terms, admitting of various explanations. “ To Philip Wager and Hannah his wife, and to the children “ and heirs of the said Hannah, and the heirs and assigns of “ such children.” It is not clearly expressed, whether the parents should take the whole during their lives, or jointly with their children, or whether the grant should be limited to children then in existence, or extended to those after-born, or whether the children should take as joint tenants, or tenants in common. All this admitted' of explanation, and in whatever manner it might be explained, it could not be said that there was a contradiction of the premises. The habendum and the declaration of the uses, explain with great clearness some of the uncertainties of the premises •; that is to say, it is expressly declared, that Wager and his wife should take the whole for their joint lives, and the life of the survivor, and that after the death of the survivor, their children should take in fee simple as tenants in common. But it is not expressly said, at what time the remainder should vest in the children, or whether the after-born children should be included. These points therefore are left to .construction. Although the consideration of the deed was in part money, yet it was in greater part the affection of a parent for his child, and the main intent appears to have been to secure a life estate to the daughter and her husband, and after their death to divide the property equally among their children. I should suppose among all their children, for I perceive nothing which indicates an intent to confine the gift to the children in existence at the date of the deed. Taking this therefore to have been the intent of the grantor, is there any principle of law, or any thing in the form of the deed which prevents its being carried into effect ? I cannot perceive that
there is. A deed may operate in various ways, and the court will adopt that which best answers the intent of the parties. This deed, for instance, which is founded on the double consideration of money and natural affection, may operate either as a bargain -and sale, or as a covenant to stand *377 seised to uses. I prefer the latter as best calculated to effectuate the intent, especially as the children are not' parties to it. It may be considered then, as the covenant of Wirts with Wager and wife, to stand seised to the, several uses mentioned in the deed. By this mode of conveyance,'the legal estate passes out of Wirts to the several' persons to whom the uses are declared. ' In the 'first place, the legal estate was vested in Wager and wife for their lives', ' But how stood the remainder in fee ? I have supposed,the' intent to be, that all the children born, qr to be born,' should take equally. This remainder was in some measure contingent, because it was uncertain whether any, or how many children would be born afterwards. But there is no necessity for the remainder remaining contingent until .the death of the survivor of Wager and wife, and then vesting at the same moment in all the children then living. Such a construction should be avoided, because it would leave it in the power of Philip Wager and his wife, to defeat the remainder, by suffering a common recovery, and would also, even if the remainders were not thus defeated, cut off the issue of children who might die leaving issue, in the lifetime of Wager and his wife. To prevent these consequences, the whole remainder might vest immediately in those children, who were living at the date of the deed, subject not to an absolute divestment, but to an alteration or lessening, by the birth of other children. At each subsequent birth, the remainder would open to let the child in, and so to ties quoties. This kind of estate is permitted by the rules of law, and seems to me, to have been most probably intended by the grantor, although I ‘do not undertake to speak with absolute certainty as to his intent. Under this construction all the children of Philip- Wager and Hannah his wife, took ah equaljshare, and the shares of those who died during the life of their parents, leaving issue, descended to their issue. I am therefore of opinion, that the plaintiffs are entitled to recover.
Ye ates J.
Of the intention of the parties to this deed, I cannot entertain a doubt. It appears to me,*that they have clearly expressed therein, that Philip Wager and Hannah his wife, should enjoy the premises granted during their lives, and immediately after the decease of the survivor of them, the same should go over to all the' children of the said *378 Hannah equally, although born after the execution of the deed, including the children of such child as should die during the lives of Philip and Hannah The three children who were born when the conveyance was made, are not mentioned therein by name, nor is the grant limited to the issue then born. There is no indication of intention, that particular children were deemed the peculiar objects of the donor’s bounty. The words “ begotten” and “ to be begotten,” “ pro- “ creatis” and “procreandis,” have always been held to have the same import, unless a contrary intent plainly appears.(a) A contingent remainder may take effect in some and not in all the persons to whom it was limited, according as some may come in esse, before the determination of the preceding estate, and others not: They may take jointly, notwithstanding the different times of vesting.(b) The stat. of 27 Hen. 8. extends to all lawful and good uses, as well future as in esse,(c) Chudleigh's Case. No great difficulty would arise, if the words of this deed had occurred in a will. Devise of a lease for years to his eldest son and the heirs of his body, and if he die without issue, to P his youngest son and the heirs of his body, and for default of such issue, that the term shall remain to his daughters; he dies leaving two daughters and afterwards another daughter is born; the eldest son sells the term and dies without issue; the youngest also dies without issue : the daughter’s enter, and the term was adjudged to them all, although the youngest was not born at the death of the testator: Aliter, if he had named the daughters in the will by their proper names. Stanley v. Baker.(d) A man and his wife may be seised of an estate-tail executed sub modo, till issue born, and on the birth of such issue the estates may be divided by operation of law, and they may become tenants for life, remainder to their issue in tail; for the estate for their lives is not merged, but with this implied limitation that-they have issue. Lewis Bowles’ Case.(e) Where one devised to his daughter and her children on her body begotten, or to be begotten by her then husband, and their heirs forever, the daughter at the time of the will had one child, and others'afterwards : The mother and all the children were held to take jointly in fee. Oates v. Jackson.(f) Devise to *379 C, a daughter, during life, and after her death, to such children as she shall have at the time of her death in fee simple,' equally to be divided between them: Held that the four children of C, who were living at the time of the devise and at the testator’s death, took a vested remainder in fee, and in case any children had been born afterwards, the estate would have opened for their benefit, and that the children of a daughter of C, who died in the lifetime of her mother, were therefore entitled to the share of the daughter of C, who was living at the death of the testator. Doe ex dem. Barnes et al. v. Provost et al.(a) Under a limitation by deed and fine to the use of the issue female of the body of J. S. (he then having no daughter) and the heirs of their bodies, all the daughters f. S. may have, shall take, and shall be joint tenants for life, with several inheritances. Earl of Sussex v. Temple, 1 Ld. Raymond,. 311. The same case appears to be reported in Comb. 467. under the names of Matthews v. Temple, wherein it is said, that a limitation to uses for several in remainder, is good to the last, though vested in the former, before the others had a capacity to take.
Other cases might be cited on the construction of words of a similar nature to those under consideration, but I deem it superfluous. But it has been contended, that technical rules of law, applicable to deeds, will prevent the intention of the parties from being effectuated, and that the habendum in this instance, is repugnant to the premises, and therefore void. I see no such contradiction in the conveyance before us. The deed is “ to Philip Wager and Hannah his wife, and to the “ children and heirs of the said Hannah, and the heirs and as- “ signs of such children; Habendum to the said Philip Wager “ and Hannah his wife, and to the children and heirs of the “ said Hannah, to and for the proper use, benefit, and behoof “ of him, the said Philip Wager and Hannah his wife, during “ the term of their joint lives, and of the life of the survivor « of them, and from and immediately after the decease of the « survivor of-them, to and for the use, benefit, and behoof of “ the children and heirs of the body of the said Hannah law- “ fully begotten, their heirs and assigns forever, in equal “ shares as tenants in common, and not as joint tenants.” The inheritance is limited to the children of Hannah, and *380 not to her husband or herself. I admit that if a deed is made to one and his heirs, habendum, to him for life, the habendum is repugnant and void. Baldwin's Case.(a) But the intent of the parties shall take effect if it be not contrary to law.(b) This is strongly exemplified in the Earl of Rutland’s Case.(c) Queen Elizabeth granted a manor to B and his heirs, habendum the same to him and his assigns ; and it was held, that the fee passed; for the omission of heirs in the habendum shall not overthrow that which was certain in the premises, and the intent appears to pass the fee simple. It is not absolutely necessary in law, to have all the formal parts that are usually drawn out in deeds, so as there be sufficient words to declare clearly and legally the parties meaning.(d) The office of the premises is to express the certainty of the thing given, and need not limit any estate: the habendum limits the certainty of the estate given, and need not repeat the thing given again.(e) The habendum may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to, the estate granted in the premises(f) Here the deed in the premises contains a grant of the property to Philip Wager and Hannah his wife, for their lives ; and the defendant’s counsel are under the necessity of admitting, that although they are not severally named in the deed, they take thereby a vested remainder in fee, to take effect upon the death of .their parents. Cases are not wanting on this subject. One not named in the premises, but named in the habendum, may take by way of remainder.(g) Grant to a man and his wife for their lives, and that after their deaths, their children should have the land for 40 years. The children may take by way of remainder, although there be no word of remainder in the deed, and they be not parties thereto(h) anonymous. It is observed by Parsons C. J. in Dingley et al. v. Dingley,(i) that it is a rule of law that a remainder is not to be considered as contingent, where it may be considered consistently with the testator’s intention, to be vested. The strong reason is given by Buller J. in Doe v. Perryn,(k) cited at the bar. If this estate were held not to vest' *381 till the death of the parents, this inconvenience would follow, that it would not go to grandchildren; for if a child were born who died in the lifetime of his parents-, leaving issue, such grandchild could not take, which could not be supposed to be intention of the testator. The principles established in that case are apposite to the case under consideration. I cannot conceive the remainder to the children to be contingent. It cannot be denied that if the three grandchildren then born, had died during the lives pf their parents, and the remainder limited to them should not be considered as vested, that this construction would defeat the plain intention of their grandfather. I therefore take the legal operation of the deed to be, that Philip Wager and Hannah his wife, thereby became entitled to the whole of the property during their joint lives, and the life of the survivor of them ; that the defendants born at the time of the execution of the conveyance, had a vested remainder therein, to take effect after the death of their parents, which opened and let in after born children, and that as to such after born children, the remainder was not contingent. Consequently, I am of opinion, that the plaintiffs are entitled to recover.
Brackenridge J. concurred.
Judgment for the plaintiffs.

 Co. Litt. 20, b.

 1 Fearne, 393. (5th ed.)

 1 Co. 133.

 Moore, 220.

 11 Co. 79, b. 80, a.

 2 Stra, 1172.

 4 Johns. 61.

 2 Co. 23, a.

 Ibid.

 8 Co. 50, a.

 2 Bl. Com. 298.

 9 Co. 47, b. Plowd. 196, b. Hob. 170, 171.

 2 Bl. Com. 298.

 Co. Litt. 20, b. Harg. note 1.

 Cro.

 5 Mass. Rep. 537.

 3 Term Rep. 484.