The opinion of the court was delivered by
Huston, J.
Case stated, to determine whether the plaintiff was entitled to one hundred-and sixty dollars under the will of thetestor,' William Clennell. ' .
The testator directed all his real and .personal estate to be sold, and gave to his daughter Mary one dollar, and to' his daughter Hannah thirty dollars, and then the will proceeds as follows: — “ It is my will, and I do hereby direct, that my wife, Elizabeth Clennell, at my decease, shall have the amount.of money remaining in the hands of my executors, to be put out at interest, or in such stock as my executors shall think most proper, the whole- income thereof to be paid annually to my said wife, until Thomas Per-firm arrives at the age of twenty-one years, then the said Thomas Perfirm to have one hundred and sixty dollars, and my wife Elizabeth lo havé the income of the remainder during her natural life. It is my will, and -I do hereby direct, that at thedecease-of my said wife, my son William P. Clennell, shall have all at his own disposal." The defendants were appointed executors, who proved the will and sold the real estate, and have one thousand, two hundred and four dollars and forty-nine cents. Thomas Perfirm died under the age of twenty-one.
Cases on the construction of wills are numerous: willá are so much alike, and yet so invariably different in phrase, in situation of the testator’s estate, or of his family, that this subjects often to more labour and less certainty to the inquirer, than almost any other in our law. Rules have been laid down, and exceptions to those rules so often established, that the mind is bewildered in the investigation; distinctions have been taken between devises charged on' land and those to be paid from personal estate: here is a sum to be paid from a fund raised from both. Distinctions have been suggested *120 between a devise to a child or grandchild, and one to a stranger; here we are not informed whether the legatee is a stranger or not;, from the name and want of any averment to the contrary, perhaps, we must consider him a stranger.
The intention of the testator is to govern, but what was the intention ? That Thomas Perfirm should' have one hundred and sixty dollars, and that his own children should not have that sum: be it so: but did the testator anticipate the death of Thomas Perfirm — ' has he provided for that evént? In all cases,, the testator intends the sum devised to the legatee, shall go to him; but, in many cases, the intention of kindness is personal; if we are asked here, did the testator know who was next of kin to Thomas Perfirm, we cannot answer: did he intend, in case of Thomas Perfirm’s death, to prefer the next of kin of legatee.to his own children? — we do not know.' The .intention of the testator being unknown, we cannot resort to it.
The situation of the testator’s estate and family have been resorted to! The legacy has been supposed vested, and payment only-deferred from respect to others; but, as the widow was daily grow-' ing older, she would, in ordinary cases, need more to support her several years after the testator’s death, than at his death.
Upon a careful review of all the cases, perhaps certain old rules and decisions may be as .safely adhered, to in this case, as many of the modern exceptions.
“I give to J. S. the sum of two thousand pounds, at the age of twenty-one years, to be paid by my executors:” the legatee died at eighteen, having made a will and devised that sum; butit was not recovered. by the devisee., Onslow v. Smith, Eq. Ca. Ab. 295.
“I give one hundred pounds a-piece to the two children of J. S. at the end of ten years from my decease;” the children died within ten years, and the legacy lapsed, and so says the book, in all cases where the time is annexed.to the legacy itself, and not to the payment of it. Snell v. Dee, 2 Salk.. 425. I know no better rule than this. The fund is created, the interest is given to thé widow until Thomas Perfirm arrives at the agé of twenty-one, and then the.’said Thomas Perfirm to have one hundred and sixty dollars: it is not given to him presently, he has ho interest in it till he is of the age of twenty-one; it is disposed of until that time— he is not in existence at that.time. There is nothing to satisfy me it, was. intended for his relations, and as it did not ever belong to him, it cannot go to them.
Judgment affirmed.