## Minnig *v.* Batdorff et al.

By a devise to E. for life, and *when* she shall depart this life, the children born of her body shall possess the land, and, I give the land *at* the time of E.'s decease, to the children which are born of her body in fee-simple, the children of E., born at the death of testator, take a *vested* interest which opens and lets in other children of E. as they come *in esse.*

In error from the Common Pleas of Lebanon.

*June* 21. Case stated. In 1793, Noll made his will, wherein he devised to his wife for life, remainder to his daughter Elizabeth for life. "Item, that when my said daughter depart this her natural life, the children which are come or born of her body shall hold and possess my said land or plantation. Item, I do give and bequeath my land and plantation, (at the time of my said daughter

| 5 | 503 |
|---|---|
| 126 | 573 |
| 5 | 503 |
| 147 | 123 |
| 5 | 503 |
| a196 | 376 |
| 5 | 503 |
| 202 | 496 |
| 5 | 503 |
| 24 SC | 249 |
| 5 | 503 |
| 213 | 584 |

her decease,) to the children which are come and born of and from her body, together with the deeds, *draughts*, and all other writings thereunto belonging to them (the said plantation) and their heirs and assigns for ever."

Testator died in 1794, when his daughter Elizabeth had two children, one of whom was Jacob Ditzler. After the death of testator she had four other children. In 1827, Jacob conveyed all his estate to Batdorff, the ancestor of the plaintiffs below, and died in 1836, his mother surviving; she died in 1841, leaving five children.

The court gave judgment for the plaintiffs for one-sixth of the land, and the defendants sued out this writ of error.

*Bibighause*, for plaintiff in error, cited 6 Ves. 239; 4 Id. 698; 10 Pick. 377; 17 Serg. & Rawle, 118; 2 Ves. 687; 8 Ves. 142.

*Kline*, contrà, cited 1 Serg. & Rawle, 374; 3 Term Rep. 484; 4 Johns. 61; 4 Peters, 89; 5 Ves. 126; 9 Ves. 6; 16 Ves. 316; 15 Ves. 122; 1 Dall. 176.

*June* 28. BELL, J.—The question presented by this record is, whether the children of Elizabeth Ditzler took a vested remainder under the will of their grandfather, the testator, or whether, as the defendant avers, it was contingent as to each of them, dependent upon their respectively surviving their mother. If the limitation over vested in the children on the death of the testator, it is conceded the deed from Jacob Ditzler to John Batdorff passed a fee in one-sixth part of the land devised, and, consequently, the judgment rendered by the court below is correct.

Looking to the almost unbroken current of decisions, commencing with Boraston's case, 3 Rep. 19, which settles the rule of construction that must govern here, it was hardly to have been expected we would be called on, at this late day, to reaffirm principles that have long ago passed into rules of property. One of these, clearly deducible from all the cases, is stated by Mr. Powell in his admirable Treatise on Devises, vol. 2, p. 215, to be, that when land is given to one person for life, or for any other estate upon which a remainder may be dependent, and after the determination of that estate it is devised over, whether to persons *nominatim*, or to a class of persons, it will vest in the objects to whom the description applies at the death of the testator. But in devises to children, where the question has been most frequently agitated—at what period are the objects who are to take to be ascertained? the rule is different. When there is an *immediate* gift to children, those only

living at the testator's death will take; but it is now settled, that where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or of any other person, the limitation will embrace not only the objects living at the death of the testator, but all who shall subsequently come into existence before the period of distribution. Such a remainder vests in the objects to whom the description applies at the death of the testator, subject to open and let in others answering the description as they are born successively. As to the latter, the remainder is contingent until they are *in esse*, but then it immediately vests, and from thenceforth is attended by all the properties incidental to vested estates. (Fearne on Cont. Rem. 242; 2 Powell on Dev. 303, and cases there cited.) Our own cases are in accordance with this doctrine, as may be seen by consulting Wager *v.* Wager, 1 Serg. & Rawle, 374, which I select as most decisive, from the fact that it was an assurance by deed, but decided on the intention of the grantor. There the conveyance was to P. and H., his wife, for their joint lives, and the life of the survivor, with remainder to the children of H. lawfully begotten, in fee, immediately after the decease of the survivor. It was held, the children in being at the death of the testator took vested remainders liable to open for the admission of those subsequently born.

But it is supposed the devise, immediately under consideration, presents peculiar features that withdraw it from the governing influence of these rules, and as showing this, the counsel for the plaintiff in error called our attention particularly to the words, " when " and " which are come to be born of the body," in the clause " that *when* my said daughter departs this her natural life, the children which *are come or born of her body* shall hold and possess my said land and plantation." We are, however, unable to perceive any thing in the latter words indicating an intent that only those of Elizabeth's children who should be living at her death, should take in exclusion of the heirs of such of them as might happen to die during her life. The sentence is certainly somewhat awkwardly expressed, but its terms are amply broad enough to cover all the children born of Elizabeth; and to hold that it confined the devise to children living at the death of the mother, would be straining a point against the often expressed unwillingness of the courts to construe a remainder contingent, when it may, without any manifest violence done to the language of the testator, be supported as vested; Doe *v.* Perryn, 3 Term Rep. 484. In Doe ex dem. Barnes *v.* Provoost, 4 Johns. R. 61, a case always received with approbation, the words

used were much stronger to show an intent to postpone the vesting of the remainder until the death of the tenant for life, than those of the present will. The devise was, "to my daughter C. P., &c., during the term of her natural life, and immediately after her death I give the same unto and among all and every such child and children as the said C. shall have, lawfully begotten, at the time of her death in fee-simple." It was strongly urged that the words "shall have" were to be used in immediate connection with the sentence "at the time of her death," the words "lawfully begotten" being merely used to confine the gift to legitimate children, whereby the limitation over would be restricted to such of the children as survived the mother, and therefore contingent. But it was held that to effectuate the intent, "begotten" must be taken as used synonymously with "born," and the subsequent words referring to the death of the mother, were employed simply as expressive of the time when the devise over was to vest in possession. The same may be said with much stronger show of reason in respect to the apparent intent of the devisor in the present case, for if there be nothing in the phrase "are come or born" to favour the construction of the plaintiff in error, it is certain that the word "when," used in this collocation, will not aid him. Though this term may in certain cases import contingency, as, for instance, when a legacy is given to A. *when* he attains the age of twenty-one years, without more, (King *v.* Crawford, 17 Serg. & Rawle, 118,) yet it is settled by repeated decisions, that when employed as it is here, it is considered as merely marking the period at which the estate is to take effect in enjoyment, and not as postponing the period of vesting. It is scarcely worth while to run through all the cases on this point. It will be sufficient to refer to Boraston's case (*supra*) as a leading authority. The devise there was, first of an estate for years, and after its determination, to the executors, for the purposes of the will, till such time as H. should accomplish his age of twenty-one years, and *when* H. should attain twenty-one, *then* to him in fee. It was contended the remainder did not vest in H. until he attained full age, but it was determined that the adverbs of time, *when*, &c., did not make any thing necessary to precede the vesting of the remainder, but merely expressed the time when it should fall into possession. The same principle is recognised in Hanson *v.* Graham, 6 Ves. 239, cited for the plaintiff in error as an opposing authority, as established by all the cases, and particularly in Goodtitle *v.* Whitby, 1 Burr. 228, ruled by Lord Mansfield. So plainly applicable is this class of cases to the one in hand, that the attempt to distin-

guish it runs into a refinement of ingenuity too subtle to be practicable, and it is therefore not surprising that the counsel who essayed it found difficulty in presenting his views clearly to the court. To all that was urged by him, it would, without more, be a sufficient answer, that any other construction than that we have put on this will, would exclude the offspring of those of the children who might happen to die, pending the particular estates—an intent, in a case like the present, not to be imputed to a testator, unless it be undoubtedly manifested.

It follows, from the view we have taken, that Jacob Ditzler, eldest son of Elizabeth, and grantor to the plaintiff's ancestor, took a vested remainder in fee, immediately on the death of the testator, which opening to let in his brothers and sisters, subsequently born, left in him ultimately one-sixth part of the land in fee, expectant on the death of his mother, which passed under the conveyance made · by him. The judgment of the court below in favour of the plaintiff, being for this proportion, is consequently right.

Judgment affirmed.