## Brown's Estate.

*Wills—Construction—Trusts and trustees—Trust for son's wife does not include second wife of son.*

Where testatrix creates a trust for her son for life, and then directs that "after his decease, if his wife survives him it is my will that said income shall be paid to his wife," naming her, for her life, and after the decease of the said wife, naming her, and upon the decease of the son "if he shall leave no wife him surviving" then over to the son's children, the trust does not continue after the son's death for the benefit of a second wife, whom he had married after his first wife's death.

Argued March 22, 1922.   Appeal, No. 283, Jan. T., 1922, by Margaret S. Brown, widow of decedent's son, from decree of O. C. Phila. Co., July T., 1916, No. 144, sustaining exceptions to adjudication, in estate of Catherine P. Brown, deceased.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Exceptions to adjudication of LAMORELLE, P. J.
The opinion of the Supreme Court states the facts.
Exceptions sustained in opinion by GUMMEY, J.
Margaret S. Brown, widow of decedent's son, appealed.

*Error assigned,* among others, was decree, quoting it.

*C. C. Smith,* and *Roland S. Morris,* of *Duane, Morris & Heckscher,* for appellant.—An examination of testatrix's will, without resorting to technical rules of construction, clearly shows that testatrix intended that any wife her son might leave surviving him should receive the income from the trust fund for life: Patton's Est., 268 Pa. 367; Reinheimer's Est., 265 Pa. 185; O'Neill's Est., 266 Pa. 9; Plumly's Est., 261 Pa. 432; Bechtel v. Fetter, 267 Pa. 173; Kenworthy's Est., 269 Pa. 315.

*Francis R. Taylor,* of *Taylor, Robey & Hoar,* for appellees.—An implied gift to the second wife of J. Morton Brown is opposed to the established rule of construction that a gift to the wife of a person, when a wife is in existence at the date of the will, is presumed to be limited to such wife and does not inure to the benefit of a second wife: Anshutz v. Miller, 81 Pa. 212; Solms' Est., 253 Pa. 293; Jones's Est., 211 Pa. 364.

PER CURIAM, April 10, 1922:
Catherine P. Brown died February 28, 1915, leaving a will dated October 13, 1914, of which she appointed her son, J. Morton Brown, and her daughter, Mary T. Haines, executors. The controversy here arises under a clause which reads as follows: "I give, devise and bequeath said one-fourth part of my said residuary estate unto the West Philadelphia Title and Trust Company its successors and assigns in trust nevertheless to hold the same and keep the same invested and pay over the net income therefrom unto my said son J. Morton Brown for and during all the term of his natural life and from and

immediately after his decease if his wife survive him it is my will that said income shall be paid to his wife, Isadora P. Brown, for and during all the time of her natural life and from and immediately after the decease of the said Isadora P. Brown and upon the decease of the said J. Morton Brown if he shall leave no wife him surviving I give, bequeath and devise said one fourth share in my said residuary estate unto the children of the said J. Morton Brown in equal shares absolutely." Isadora P. Brown, died October 12, 1915, and subsequently J. Morton Brown married Margaret Sellers. J. Morton Brown died April 29, 1921, leaving his second wife and two daughters by his first wife surviving him. The question for determination is, Does the trust contained in the provision of the will above quoted continue for the benefit of the second wife during her life? The auditing judge was of opinion the clause was not limited to the first wife, Isadora P. Brown, and held the trust continued until the death of the second wife, Margaret S. Brown. The court in banc, however, reached a different conclusion and awarded both principal and accrued income to the two daughters of the first wife, Mary Brown Moon and Isadora Brown Stratton, in equal shares. Margaret S. Brown appealed.

The determination of this case depends upon the meaning to be given the words "upon the decease of the said J. Morton Brown if he shall leave no wife him surviving"; by giving effect to all provisions of the will, we are of opinion the lower court disposed of the case in accordance with the evident intention of the testator, as indicated in the following extract from its opinion, which we adopt: "But we do not believe that these words ['if he shall leave no wife him surviving'] indicate with sufficient clearness an intention on the part of testatrix to benefit her son's wife by a marriage subsequent to his first one, in contravention of the general rule; these words appear to have been inserted parenthetically out of an abundance of caution to emphasize the fact that

distribution was not to take place upon the decease of J. Morton Brown except in the event that he should not leave his wife, Isadora, to survive him. It will be noticed that in the earlier part of the clause under discussion the name Isadora P. Brown follows the word 'wife' only once, although it is evident she was the only wife of J. Morton Brown testatrix had in mind when she wrote that part of her will. In reaching this conclusion, we are aided by the fact that there is no direction to pay the income after the death of J. Morton Brown to any one except Isadora; and to give effect to the contention of Margaret S. Brown, it would be necessary to imply a direction to pay which, as we read the will, would not be justified; in other words, beyond the bare expression, 'if he shall leave no wife him surviving,' there is no provision whatever in the will which can be construed as a benefit to Margaret S. Brown, unless we incorporate with it a provision which manifestly was made for Isadora P. Brown only."

The decree of the lower court is affirmed at the costs of appellant.