Paine's Estate.

*Joseph G. Denny, Jr.,* for petitioner.

GEST, J., May 9, 1930.—This petition was filed in order to obtain the opinion of the court upon the construction of the will and especially upon the question whether Edward J. Paine, the surviving son of the testator, is entitled to all of the rents of the real estate specified, or is entitled only to one-half thereof, the other one-half belonging to the grandchildren of the testator.

The rents are not before the court in any account for distribution, the petition stating that they are in the hands of a real estate agent, who is not a party to the proceedings. It is quite clear that we can grant no affirmative relief against him. However, under the Declaratory Judgments Act of June 18, 1923, P. L. 840, it seems that it is not essential to our jurisdiction that affirmative relief should be asked for, although, as we suggested in Duff's Estate, 4 D. & C. 315, the power to pronounce a merely declaratory judgment without the power to grant consequential relief should be exercised with the greatest caution. The court which can enforce the rights of the parties should be the one which declares them, and as our judgment would not necessarily terminate the controversy, we would, if we relied upon our own views of the law, dismiss the petition for this reason. The Supreme Court, however, has in several cases construed the act more broadly: B'Nai B'rith Orphanage *v.* Roberts, 284 Pa. 26; Kariher's Petition (No. 1), 284 Pa. 445; and Kidd's Estate, 293 Pa. 21.

When in 1904 the executrices filed their account during the lifetime of the three daughters, their account included rents which the executrices had no business to collect, and Judge Ferguson, who was the Auditing Judge, might well have declined to award distribution. He did so, however, and discussed the will, stating, *inter alia:* "This will was written by the testator himself. What he meant is the merest conjecture, and as to finding out the meaning of his words, that is impossible." Since then, however, the daughters have died, so it seems that the questions presented must be decided as best we can.

630

The testator left three daughters, Fannie, Annie and Margaret, and one son, Edward J. Paine. Fannie died in 1911 without issue. Annie Cornog died in 1917, having survived her husband, Isaac, who died in 1908, and she left one son, Isaac Cornog, Jr., who is the present petitioner. Margaret died in 1927, without issue, and the son of the testator, Edward J. Paine, is living and has issue, three sons and four grandchildren, children of a deceased daughter, Fannie Michener, one of whom is of age, the other three being minors represented by a guardian.

The will devised three parcels of real estate to his three daughters in terms substantially equivalent to life estates, and at their deaths, without leaving issue, the testator directed that these properties should "go to my Third and Vine Streets property," which can only mean that the testator intended their disposition to be the same as that directed with regard to the property at Third and Vine Streets.

So far as No. 718 North 44th Street is concerned, the will bequeathed the same to Annie, and provided that if she dies before her son, Isaac, it goes to him, but if mother and son dies, then it goes to Isaac, the husband, and if he dies it goes to testator's Third and Vine Streets property as afterwards directed. Annie Cornog died in 1917, and her husband, Isaac P. Cornog, died in 1908. Isaac P. Cornog, Jr., is living and is the present petitioner, and, as we read this paragraph of the will, is entitled to the rents of No. 718 North 44th Street.

Premises No. 3602 Melon Street were devised to Fannie, for life, and in default of children this property goes, as the testator says, to "my Third and Vine Streets property." Fannie died in 1911, without issue. The testator devised No. 733 Brooklyn Street to his daughter, Margaret, upon the same conditions, and she died in 1927, without issue, so that the devolution of these properties is the same as that directed with reference to the Third and Vine Streets property.

As to his Third and Vine Streets property, the testator directed in his will as follows: "The rents from Third and Vine Streets, and or any other income is to be equally divided—I should say from Third and Vine Streets or any other income is to be equally divided among my three daughters, Annie, Fannie and Margaret. When one of them dies then the income is to be divided between the other two. When one of them dies then the income is to be divided between the remaining one and my son Edward. When one of them dies it is to be divided between the remaining one and my grandchildren." And by his codicil the testator directed: "When my son dies, then my grandchildren gets half the income from the estate until it be settled, they paying half the expenses of the ground rent, taxes, water rent and any repairs that may be needed. And to be settled as soon as convenient after the death of my children."

The three daughters are all dead. Edward, the son, is living, and there are grandchildren living as stated, viz.: Isaac Cornog, Jr., and the children and also four grandchildren of Edward J. Paine, whose rights are to be determined.

Edward J. Paine claims to be entitled to the whole of the rentals. Under the will the income was divisible between Margaret, the surviving daughter, and Edward, and "when one of them dies .[and Margaret has died] it [the income] is to be divided between the remaining one [*i. e.*, Edward] and my grandchildren," so that Edward would be entitled only to one-half and the grandchildren to the other one-half. It is argued that the codicil, written when all the children were living, postpones the interest of the grandchildren

until after the death of Edward J. Paine, so that he, by necessary implication, is entitled to all the rents; otherwise there would be an intestacy as to one-half thereof. It seems to us that this is a forced construction. If this had been the testator's intention, he would naturally have said that on the death of the last survivor of the daughters, Edward should take all of the rents.

It is clear, at least, that the codicil is restricted in its operation to the Third and Vine Streets property, and, of course, to the other properties only on the deaths of the life tenants thereof.

When the testator says "when my son dies, etc.," he refers to an event that must certainly occur, but the said son, Edward, might die before the survivor of his sisters, the testator's daughters, or he might be the last survivor of them, which was, in fact, the case. We think that the testator, having made his original will as quoted, reflected that the first contingency might occur, i. e., that Edward might die before the survivor of his sisters, and, therefore, by the codicil in question, meant: "When my son dies [before the survivor of my daughters] then my grandchildren get [his] half the income from the estate until it be settled," which simply affirms the will. Even assuming that the testator contemplated that his son might survive his daughters, the codicil is susceptible of a logical construction, thus: "When my son dies [being the last survivor of my children] then my grandchildren get [his] half the income, etc." This latter construction interprets the gift of half the income at the death of the son as cumulative, i. e., in addition to the gift of half the income at the death of the survivor of the daughters, leaving only the son surviving.

Where the testator speaks of the settlement of the estate, he means naturally the final distribution thereof after the death of all of his children, for he adds "and to be settled as soon as convenient after the death of my children."

Our conclusion, therefore, is, in accordance with the will, that Edward receives one-half of the rents and the grandchildren receive the other half. These grandchildren appear to be Isaac P. Cornog, Jr., and Robert E., Fred H. and Wm. M. Paine, children of Edward J. Paine. This raises the question whether the four children of Fannie P. Michener, a deceased daughter of Edward J. Paine, are entitled. The general rule from Hallowell v. Phipps, 2 Wharton, 376, to the present time on this point is that the word "children" in a will includes grandchildren only where such a construction appears clearly to have been the intention of the testator or to be necessary to make the will operative. See Burk's Estate, 21 Dist. R. 357, where several cases are cited. We conclude, therefore, that there is no gift here to the Michener grandchildren. The gift to the grandchildren, however, is a gift to them as a class, vesting immediately upon the death of the testator, subject only to open and let in other grandchildren who might thereafter be born: Hawkins on Wills, 72; Minnig v. Batdorff, 5 Pa. 503; Burk's Estate, 21 Dist. R. 357. Consequently, Fannie Michener took a vested interest which passed to her personal representatives, who take an aliquot part in one-half of the rentals.

It will be noted that the will in terms only disposes of rental or income, so we forbear to express any opinion as to the remainder fee, pending the life of Edward: Ladner v. Siegel, 294 Pa. 368. In this view of the case the other questions propounded in the petition do not arise and we need not consider them.