## Griscom's Estate (No. 1).

Argued September 28, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Alexander H. Hunter,* of *Hunter & Buffington,* for appellant.

*D. S. Thomas,* with him *William Le Goullon, Campbell, Wick, Houck & Thomas, John J. Cahill,* and *Hugh M. Patton,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, November 27, 1939:

Does the will of George S. Griscom, in all its provisions, violate the rule against perpetuities, or, is one of them saved, because separable from the others?

The will creates a trust of the residue of decedent's estate, the net income from which was payable to his wife for life. Upon her death the income was payable to his son, George S. Griscom, Jr., if living, for life. At the son's death, the income was to be shared by his wife, if he left one, and testator's widow. On the latter's death all the income was payable to the son's wife.

In the event of the death of the son without child or children, the will provides: "If no children or other lineal descendants of my said son, George S. Griscom, Jr., be living at the time of his decease, or the decease of his surviving widow, if one, being the time at which my residuary estate is to finally vest, then and in that event I give, devise and bequeath the residue of my estate, as aforesaid to the children or other lineal descendants of my brother, John Sargent Griscom, who

was a resident of Philadelphia, an officer in the United States Navy, and died at Fort Fisher in 1864; the said children and lineal descendants of the said John Sargent Griscom to take said estate per stirpes."

The testator died August 4, 1920. His wife predeceased him. The son never married and died March 11, 1938. The executor of George S. Griscom, Jr., claims the fund on the ground that the gift to the children and lineal descendants of John Sargent Griscom violates the rule against perpetuities, because there is no vesting within lives in being and twenty-one years afterwards, hence an intestacy resulted and the remainder passed to George S. Griscom, Jr., son and only lineal descendant of the testator. In this connection it is said that where property is devised to one for life, remainder to his widow for life, the remainder over on the death of the widow, if contingent until that event, is bad because he may marry a woman who was not born at the testator's death.

The Orphans' Court awarded the fund to Johnetta G. Rudisill and William A. Griscom, who were the only surviving children of John Sargent Griscom living at the death of the son, there being no surviving issue of deceased children.

We have had occasion in quite recent decisions to review the principles covering the rule against perpetuities, notably in *Wanamaker's Est.*, 335 Pa. 241, 6 A. (2) 852; *Lippincott's Est.*, 333 Pa. 48, 3 A. (2) 363; *Friday's Est.*, 313 Pa. 328, 170 A. 123; *Lockhart's Est.*, 306 Pa. 394, 159 A. 874. It is not necessary to again restate them. It is sufficient to point out if an alternative disposition in a will, which does not violate the rule, is separable from that part of it which does as admittedly some of the provisions of this will do, the separable provisions will be sustained. "Where a testator provides that a remainder is to vest upon the happening of either of alternative contingencies, one of which violates the rule against perpetuities

while the other does not, the bequest will be held valid if the contingency happens which does not violate the rule. (*Whitman's Est.*, 248 Pa. 285, 289, and cases there cited; Gray on Perpetuities, secs. 341-53) :" *Lippincott's Est.*, supra, p. 54.

It is argued by appellant that the testator has stated a double contingency for fulfillment before any vesting in the children of John Sargent Griscom rather than an alternative contingency—a vesting in default of children of George, Jr., after the deaths of both the son, George, Jr., and the widow, if one, and that the measuring life of the widow causes the application of the rule to void the gift that the scheme of the will is to give the income to the son for life, then to his wife, if he should leave one, for her life, and then to a class of issue to be ascertained at the death of the survivor of the son and his future wife; that the ultimate gift over to the children of John Sargent Griscom amounts merely to a gift on failure of all the prior limitations, some of which were void for remoteness. We do not regard the gift to the children of John Sargent Griscom in the event that actually happened, namely, the death of George S. Griscom, Jr., without leaving a wife or children to survive, as linked with, but as separable and independent from, the other contingencies.

Decree affirmed at appellant's cost.