## Batchelor Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, and Hunter, JJ.

*James L. Baxter*, of *Orr, Williams, Baxter & DuBois*, for exceptant.

*Harry A. Canton* and *Richman & Richman*, contra.

HUNTER, J., April 29, 1949.—Exceptant contends that the limitations of the will are in violation of the rule against perpetuities.

The will provides with respect to the share of Edward Charles Batchelor, testator's son, as follows:

"Second: The . . . principal amount . . . shall . . . be held in trust, the interest from which . . . is to be equally divided between said Edward Charles Batchelor while living, or his widow so long as she remains single, or in case of her remarriage or decease of both parents, pro rata unto their issue until they reach the age of twenty-five years respectively, then the (principal) shall be paid to said issue pro rata."

The income was paid to Edward Charles Batchelor until his death on November 29, 1937, and then to his widow, Grace Clark Batchelor, until her death on November 25, 1945. They had two children, Jean M. Batchelor and Doris W. Thomas, both of whom attained the age of 25 years, and died in the lifetime of their mother on July 26, 1945, and August 5, 1945, respectively. Neither left issue.

Exceptant is Ethel B. (Willis) Simmons, a daughter of testator, who claims that the fund as a void perpetuity falls into the other half of the residuary estate under the Wills Act of June 7, 1917, P. L. 403, sec. 15(c), for her benefit.

The word "issue" as used by this testator does not mean issue in ad infinitum, and Lockhart's Estate, 15 D. & C. 594, 306 Pa. 394, is to be distinguished. There, after certain life estates, the trust was continued indefinitely to pay the income to the "issue" of a brother, and upon their decease the principal to charity. Here principal is to be paid to issue at age 25, so that it could not mean remote issue, and there is no gift over upon the extinction of issue.

The heart of the controversy is whether the gift to issue is vested or contingent. The two grandchildren were in being at testator's death, but there was a possibility that other grandchildren might be born after testator's death, who, if the gift was contingent, must live to attain age 25, an event which might occur beyond the limits of the rule.

We agree with the auditing judge that the remainder to the issue of Edward Charles Batchelor vested in his children at his death. The presumption is that a testator does not intend to violate the rule against perpetuities, and that is a strong reason for a construction that will not: Wickersham Estate (No. 1), 261 Pa. 121.

While an intention to make a gift contingent may be inferred from a direction to pay and divide (Moore v. Smith, 9 Watts 403; Grothe's Estate, 237 Pa. 262), the question is not to be judged by the mere form of expression employed at any one point, but by the whole scheme of the will. Where a will, such as this one, also provides that income shall be received by the beneficiaries pending payment of principal, it indicates an antecedent gift vested in interest and deferred only in time of enjoyment: Bilyeu's Estate, 346 Pa. 134; Allen Estate, 347 Pa. 364; Trainer Estate, 65 D. & C. 187.

If vesting takes place within the rule against perpetuities, it is immaterial that possession is postponed to a period beyond the rule; the rule is not concerned with mere possession. A gift to B for life, with remainder to his children living at his death, payable to them at age 25, is not a perpetuity: Bilyeu's Estate, supra. The gift is valid but the postponement of payment is void as a restraint in the use of property in which no one but the remainderman has an interest, and payment will be accelerated: Shallcross' Estate, 200 Pa. 122; Allen Estate, supra; Decker Estate, 353 Pa. 509.

The death of both grandchildren prior to the death of the widow, did not divest their remainder interests, they having attained the age of 25 specified for distribution: McGlinn's Estate, 320 Pa. 389; Lafferty's Estate (No. 1), 311 Pa. 455.

Exceptant contends that the remainders are void because they follow a life estate in the unnamed widow of Edward Charles Batchelor, and he might have married a woman not born until after testator's death: Griscom's Estate (No. 1), 336 Pa. 419; Disston's Estate, 349 Pa. 129; Gray on Perpetuities §214.

The fact is that Grace Clark Batchelor, life tenant, was born and married to Edward in testator's lifetime, and she and their two children were mentioned by name in the codicil in connection with the disposition of certain personal effects. A gift to the "wife" or "widow" of B, refers to B's wife living at the date of the will and not to a second wife; so far as the identity of the beneficiary is concerned a will speaks from its date: Anshutz v. Miller, 81 Pa. 212; Solms' Estate, 253 Pa. 293; Brown's Estate, 273 Pa. 543; Breinig's Estate, 18 Lehigh 305.

The naming of Mrs. Batchelor in the codicil is an indication that she was in fact the life tenant intended by testator.

In both Griscom's Estate, and Disston's Estate, supra, a life estate was given to the *future* spouse of an *unmarried* person and it was not possible under the terms of the will to eliminate a spouse who might have been born after testator's death.

While for the reasons above given all exceptions should be dismissed, special reference should be made to exceptions nos. 1, 16 and 17, to the effect that the life estate of Grace Clark Batchelor failed with the alleged void remainder, and that the trustee should be surcharged for payments of income made to her.

By adjudication filed February 11, 1938, following the death of Edward Charles Batchelor, the auditing judge awarded the income of the trust to Grace, no question of perpetuity having been raised or passed upon.

Exceptant contends that because the over-all scheme of testator was a perpetuity, the entire structure of the trust, including the life estate, failed.

The general rule is that vested life estates will be sustained though remainders are remote and void: Whitman's Estate, 248 Pa. 285; Reed's Estate, 342 Pa. 54.

The validity of the life estate is res judicata by the adjudication of 1938, and in no event could the trustee be surcharged for distribution made in pursuance thereof.

The exceptions are dismissed and the adjudication is confirmed absolutely.