## Harrigan Estate

Before Sinkler, P. J., Klein, Bolger, Hunter and Boland, JJ.

*G. Levering Arnhold*, for exceptants.

*Henry W. Maxmin, Jr.*, and *Joseph Newman*, contra

HUNTER, J., October 27, 1950.—Testatrix by her will gave to her executor and trustee the sum of $30,000 to pay the income to her nephew Harry T. Schwartz during his natural life, and the remainder at his death to his "wife and children share and share alike".

At the date of the will, April 29, 1924, and the date of testatrix's death, May 18, 1924, Harry T. Schwartz

was married to and living with Ivy Schwartz, by whom he had two children, Cornelius E. Schwartz and Harold T. Schwartz.

On November 23, 1925, Ivy Schwartz obtained a divorce a. v. m., and has remarried and is now Ivy M. Werner.

Harry T. Schwartz died November 13, 1949, thus terminating the trust. He did not remarry. He is survived by his former wife Ivy M. Werner, and by the two children mentioned above, no other children having been born to him.

The auditing judge awarded the fund in equal one-third shares to the former wife and the children, and these exceptions are filed by the children.

As to identity of beneficiary, a will speaks as of its date. A reference to the wife of a legatee means one who occupied that relation at the making of the will, and not the wife who shall survive him: Anshutz v. Miller, 81 Pa. 212; Solms' Estate, 253 Pa. 293; Brown's Estate, 273 Pa. 543; Batchelor Estate, 67 D. & C. 310.

The same rule of identification of legatee is applied whether the relation of husband and wife is dissolved by death or divorce: Darrow Estate, 164 Pa. Superior Ct. 25; Sharpe's Estate, 15 W. N. C. 419; Jones' Estate, 211 Pa. 364. The Wills Act of April 24, 1947, P. L. 89, sec. 7(2), 20 PS §180, provides that all provisions in a will in favor of *testator's* divorced spouse shall be thereby revoked. However, the Act of 1947 does not apply to a *legatee* and his spouse, nor to the wills of testators dying before its effective date.

Exceptants contend that testatrix's gift to the "wife and children" of the nephew was a contingent remainder, not to individuals, but to a class to be determined at the death of the life tenant; that had the nephew remarried and had children by a second wife, such children would have been included in the class.

It must be conceded that there is a seeming inconsistency in the rules of construction between a gift to a "spouse" and a gift to "children". A spouse is identified at the date of the will, whereas children include all those born before the time of distribution: Billings' Estate (No. 1), 268 Pa. 67; Worstall's Estate, 125 Pa. Superior Ct. 133.

The obvious distinction is that a gift to a spouse is construed as a gift to an individual, whereas a gift to children is a gift to a class which vests at the death of testator subject to open and let in afterborn members of the class; Minnig v. Batdorff, 5 Pa. 503; Edwards Estate, 360 Pa. 504. As pointed out by the auditing judge, in his well-considered adjudication, a gift to a spouse is to be interpreted as though the spouse had been mentioned by name in the will.

We have read with care the entire will of this decedent, and find no expression of an intent contrary to the established rules of construction.

The exceptions are dismissed and the adjudication is confirmed absolutely.